IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD SATISH EMRIT and
PRESIDENTIAL COMMITTEE/POLITICAL ACTION COMMITTEE/
SEPARATE SEGREGATED FUND NUMBER C00569897
d/b/a UNITED EMRITS OF AMERICA,

        Plaintiffs,

v.                                                                           No. 1:25-cv-00988-SMD-GJF

ERIN BURNETT, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, asserts civil rights claims, claims for violations of the Fair Housing Act and the Americans with Disabilities Act, and claims pursuant to state law based on Defendants' failure to provide Plaintiff with a Section 8 housing voucher and on Defendants' allegedly defamatory statements regarding President Donald J. Trump and others. Defendants are seven persons who appear on television shows, BMW Cars of North America "which advertises its automotive company during many of these shows," and South Carolina Congresswoman Nancy Mace. Complaint at 4-5, Doc. 1, filed October 9, 2025. Plaintiff states he is a resident of Nevada and Maryland and that his current mailing address is in Maryland, but also states he lives in Florida and the signature block for the Complaint shows a Florida address. *See* Complaint at 4-5, 13. Plaintiff seeks injunctive and declaratory relief; Plaintiff does not seek compensatory or punitive damages. *See* Complaint at 12.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff of the following deficiencies in the Complaint:

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 for alleged deprivations of equal protection and due process. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants were acting under color of state law.

The Complaint fails to state claims for violations of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The Complaint does not identify the specific provisions in the FHA and the ADA under which Plaintiff's claims arise and does not allege sufficient facts showing that Plaintiff's claims arise under the FHA and the ADA.

It appears some of Plaintiff's claims may be barred by the statute of limitations. For example, a Defendant allegedly made one of the defamatory statements in 2015. *See* Complaint at 2. Generally, claims arising from events occurring more than three years ago are barred by the relevant statute of limitations. *See* § 41–4–17(A)"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of

>   justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). There are no allegations showing that any of the Defendants reside in New Mexico or that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New Mexico. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the nonresident Defendants. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).
>
>   Plaintiff asserts claims on behalf of the "Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America" ("Committee"). Complaint at 1. Plaintiff also appears to be asserting a claim on behalf of other persons. *See* Complaint at 2-3 (seeking injunctive relief regarding Defendant Burnett's "racist comments towards Riley Cury"), at 12 (stating "plaintiff is seeking a preliminary injunction precluding and/or enjoining CNN or any of its employees from defaming President Donald J. Trump with false, libelous, or slanderous material"). Plaintiff, who is not an attorney authorized to practice in this Court, cannot bring claims on behalf of the Committee or other persons. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

Order to Show Cause at 3-5, Doc. 4, filed October 10, 2025. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 7. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the October 31, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and Plaintiff has not complied with Judge Fouratt's Order to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss,

3

the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**

4